In the Matter of the Claim of HELEN BAKER, Appellant, against NIAGARA FALLS POWER COMPANY and UTILITIES MUTUAL INSURANCE COMPANY, Respondents. STATE INDUSTRIAL BOARD, Respondent.— Appeal from a decision of the State Industrial Board, noticed July 20, 1937, denying an award of death benefits, with findings dated December 14, 1937. The decedent received an injury in his employment as a lineman August 14, 1923, consisting in the crushing of some of the dorsal vertebræ. He was permanently and totally disabled and compensation was paid until the time of his death. In 1936 he was in the care of a practical nurse, and had been for several years prior thereto, and the expense thereof was paid by the employer. His lower limbs were entirely helpless, and his locomotion was made possible by the use of a wheel chair. The inaction implied rendered him nervous and restless; so, he was advised by his doctors

to go to ball games and on automobile rides, and otherwise get into the open air and amuse himself generally for the benefit of his health. In the fall of 1935 he went to Texas without objection on the part of the employer, to enjoy the more favorable climate in winter. On the evening of April 9, 1936, the deceased was crossing the street in his wheel chair on his way home from a nearby place where he commonly visited. In doing so, he collided with an automobile, and died from the injuries. There was no evidence of how the accident happened, except the hearsay statement of the taxi driver, viz., that in attempting to pass another automobile the taxi and the wheel chair came into collision. The State Industrial Board found that the evidence did not establish that death was caused directly or indirectly by the accident and injury of 1923, or that such accident was a proximate cause of death, and dismissed the claim. Decision unanimously affirmed. Present — Hill, P. J., Rhodes, McNamee, Crapser and Bliss, JJ.